GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00866-PHX-DLR |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE OR VARIANCE** |
| Elisandro Cordova, Jr., | |
| Defendant. | |

The United States responds to the defendant's sentencing memorandum and recommends that the Court sentence the defendant to 18 months of imprisonment followed by a term of supervised release.

**I.     FACTS**

ATF began investigating the defendant in July 2021 after receiving Multiple Sale Reports and one firearm recovery in California associated with him. (PSR at ¶ 5.) The recovered firearm had a "time-to-crime" of eight days. (*Id*.) Subsequent investigation revealed that the defendant purchased 48 firearms in Arizona in just over one month, between June and July of 2021. (*Id*. at ¶ 6.) The firearms that the defendant purchased were mostly Glocks, a commonly trafficked firearm. (*Id*.) The defendant used the same address on each 4473 form associated with his purchases. (*Id*.)

On July 29, 2021, agents contacted the defendant's father at the address the defendant listed on the 4473 forms. (*Id*. at ¶ 7.) The defendant's father reported that the

defendant had not lived at the address for multiple months. (*Id*.) Agents then spoke with the defendant, who advised that he had moved into an apartment several months earlier. (*Id*.) The defendant agreed to speak with agents the following day. (*Id*.)

On July 30, 2021, Agents interviewed the defendant, and he admitted to purchasing firearms for "Chano," an individual from California. (*Id*. at ¶ 8–9.) The defendant claimed that he needed money for daughter's surgery. (*Id*. at ¶ 8.) He stated that he made approximately $100 per firearm. (*Id*. at ¶ 9.) Agents further researched the defendant's purchases and discovered 11 total recoveries in California.[1] (*Id*. at ¶ 12.) The government subsequently indicted the defendant on 48 counts of false statements in firearms purchases and false statements in FFL records. (*Id*. at ¶ 1.)

## II.    PRESENTENCE REPORT GUIDELINES CALCULATION

The United States agrees with the PSR's guidelines calculation of Level 15, Criminal History Category I, and 18–24 months of imprisonment, following adjustments for the number of firearms and acceptance of responsibility. (PSR at ¶ 18 24–25.) The PSR recommends a sentence of 18 months' imprisonment. (*Id*. at p. 14.)

## III.    ANALYSIS

The United States recommends that this Court sentence the defendant to 18 months' imprisonment followed by supervised release. This recommendation is appropriate for several reasons. First, the defendant's conduct in this offense warrants such a sentence. The defendant is responsible for straw purchasing 48 firearms with reason to know the weapons would be used for illegitimate purposes. Indeed, if "Chano" could have purchased the firearms himself, there would have been no need to pay the defendant for the same task.

Second, there is minimal mitigation to support a sentence below the low end of the range. The defendant reported a "fun" childhood in an apparent two-parent household. (*Id*. at ¶ 35–36.) He reported no adverse physical or mental health conditions. (*Id*. at ¶ 40–41.)

---

[1] Three more firearms have apparently been recovered since the PSR was written, with times-to-crimes ranging from 299–547 days.

The PSR also gives minimal weight to the necessity of his daughter's medical treatment. (*Id*. at p. 14.)

Despite advantages than many defendants lack, the defendant developed a substance abuse problem, lived with his parents virtually all his life, and has had extremely sporadic employment. The sentencing guidelines, moreover, already account for his lack of criminal history. Thus, it should not be counted further. On that note, the defendant was arrested for a human smuggling offense in November of 2021, months after agents contacted him for straw purchasing firearms. (*Id*. at ¶ 33.) He has also failed to report seven times for drug tests while on pretrial supervision. (*Id*. at ¶ 43.)

Finally, the government's recommended sentence avoids unwarranted sentencing disparities. According to the Judiciary Sentencing Information (JSIN), from 2018 to 2022, there were 816 defendants who were sentenced under USSG § 2K2.1 with a Total Offense Level of 15 and Criminal History Category of I. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 816, 680 defendants were sentenced to prison, for an average length of 16 months and median length of 18 months. (*Id*.) Thus, the government's recommended sentence is reasonable when compared to other similar cases.

## IV. CONCLUSION

The defendant's conduct and lack of mitigation warrant a sentence of 18 months' imprisonment. The defendant straw-purchased numerous firearms having reason to know they would be used for some illicit purpose, and squandered advantages that other defendant's have not had. Accordingly, the government recommends that this Court sentence the defendant to 18 months in prison.

Respectfully submitted this 23th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/ Patrick E. Chapman* 
PATRICK E. CHAPMAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Jazmin Alagha, Attorney for Defendant*

/s/C. Covington
U.S. Attorney's Office